UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00503

ELAINE MATTHEWS                                                                                        Plaintiff,

v.

JESSICA BROWN ROBERTS                                                                       Defendant.

## MEMORANDUM OPINION

This matter is before the Court upon Plaintiff Elaine Matthews's Motion for Reconsideration, (Docket No. 86). Defendant Jessica Brown Roberts has responded, (Docket No. 93). For the reasons that follow, Matthews's Motion for Reconsideration will be DENIED.

### Factual Background

The underlying facts and allegations of this case are well known to the parties and are detailed in the Court's previous opinions; the Court need not recount them here. At issue here is the Court's February 14, 2014 order granting summary judgment to Roberts. (Docket No. 84.) Matthews has since filed several motions and notices in the instant case. (Docket Nos. 88 and 91). She has also filed a Notice of Appeal. (Docket No. 90.)

### Legal Standard

"District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008). "A district court may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). Although the Federal Rules of Civil Procedure do not provide expressly for "motions for reconsideration," courts generally construe such motions as motions

to alter or amend a judgment under Rule 59(e). *E.g.*, *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F. 2d 201, 206 (6th Cir. 1990); *Taylor v. Colo. State Univ.*, 2013 WL 1563233, at *8-9 (W.D. Ky. Apr. 12, 2013).

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted). As another district court in this circuit noted, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted).

Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds: "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). If the purpose of a movant's Rule 59(e) motion is merely to obtain a total reversal of the Court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal. *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (W.D. Ky. 1997). Furthermore, because there is an interest in the finality of a decision, this

Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

## Discussion

Upon reviewing Matthews's argument for reconsideration of its Order, the Court notes that Matthews has made no allegation regarding a change in the law governing this case. Additionally, she has not come forward with new evidence that would impact the outcome of the Court's determination that Roberts is entitled to summary judgment. Finally, the Order dismissing the above-captioned case contained no clear errors of law.

The arguments articulated in Matthews's motion to reconsider are the same arguments that she advanced unsuccessfully in her complaint and subsequent filings. Because Matthews failed to present any permissible ground for reconsideration under Rule 59(e), her motion for reconsideration will be denied.

Matthews has also submitted a "Motion for an American Judicial Public Servant to Clarify for an American Senior Citizen Member of the American Public in the Interest of Constitutional Law & Order," (Docket No. 91), and a "Plaintiff's Notice," (Docket No. 88.) Neither presents any new relevant evidence nor a change in the governing law. Accordingly, in light of the Court's ruling upon the Motion to Reconsider, these remaining motions will be denied as moot.

**Conclusion and Order**

The Court finds no justifiable ground for altering, amending, or vacating its prior judgment. Therefore, IT IS HEREBY ORDERED that Matthews's Motion to Reconsider, (Docket No. 86), is DENIED. Furthermore, Matthews's additional motions (Docket Nos. 88 and 91) are DENIED as MOOT.